# CHARLESTON.

## McKINSEY v. SQUIRES.

*(BRANNON, JUDGE, absent.)

Submitted January 17, 1889.—Decided February 5, 1889.

1. CONSTITUTIONAL LAW—ATTACHMENT.

Our statute, (Code 1887, c. 106, s. 1 ,) which provides, that an attachment may be sued out in equity for the recovery of damages for a wrong, is constitutional. (p. 43.)

2. EQUITY—BREACH OF PROMISE OF MARRIAGE—DAMAGES.

A suit in equity may under the provisions of said statute be maintained to recover damages for the breach of a marriage contract. (p. 43.)

3. BREACH OF PROMISE OF MARRIAGE—SEDUCTION—EVIDENCE.

Where seduction has been practiced under color of a promise to marry, it is proper to prove, in an action for the breach of such promise, the seduction in aggravation of the damages. (p. 45 )

4. ATTACHMENT—SERVICE OF ORDER—ABSENT DEFENDANT.

In an attachment-suit in equity, to which the debtors of a non-resident defendant are made parties and charged to be such debtors, it is not error to decree, that the latter shall pay the amount found to be due from them to the non-resident, simply because the order of attachment had not been served upon them. (p: 45.)

*J. Brannon* and *C. C. Higginbotham* for appellants.

*Haymond & Byrne* for appellee.

SNYDER, PRESIDENT:

This is a foreign attachment-suit in equity, commenced July 3, 1885, in the Circuit Court of Braxton county by Mattie E. McKinsey to recover damages from the defendant, Olen B. Squires, for breach of marriage-contract and seduction of the plaintiff by said defendant. The original bill alleged the

---

*Presided in the Court below.

6

contract, its breach, the seduction resulting in the birth of a child; that said defendant had fraudulently disposed of all his estate in Braxton county, consisting of a retail store and other property, to his father, who was a participant in the fraud and held said property in trust for said defendant; and that the said Olen B. Squires had left the State and was a non-resident. The only defendants to this bill were the said Olen B. Squires and his father, D. S. Squires. On the day the suit was brought, the plaintiff sued out an attachment for $5,000.00 against the estate of the defendant, Olen B. Squires, which was by the sheriff of said county levied upon the goods in said store, and garnishee process was served upon the defendant, D. S. Squires.

In August, 1886, the plaintiff filed her amended bill making Abe Carper, Levi Leonard, D. D. T. Farnsworth, G. A. Newlon and G. F. Stockart parties, and charging that the defendant Olen B. Squires had a bond on the said Newlon and others for $5,000.00, which, at the time he left this State, he placed in the hands of said Abe Carper, who had collected $300.00 thereon and held the same as the money of Olen B. Squires; that afterwards said bond purported to be assigned to one B. F. Carper and then surrendered, that a new bond was executed in consideration thereof to said B. F. Carper by the defendants, Farnsworth, Leonard, Newlon and Stockart, for $5,300.00, that being the amount of the original bond and one year's accrued interest on same; that both said alleged assignment and the execution of said new bond were simply devices to defraud the plaintiff, and that the obligors in said last-named bond still owed the amount thereof to the said Olen B. Squires; and that the obligors as well as the obligee in said bond had notice of said fraud, and abetted therein.

After depositions had been taken by both sides, and the case had been matured for hearing, the defendant, Olen B. Squires, who had been proceeded against by order of publication, appeared in court and on April 30, 1887, filed his answer to the plaintiff's bill, to which she replied generally; and on the same day the cause was heard on the merits, and a personal decree entered in favor of the plaintiff against the defendant, Olen B. Squires, for $1,000.00 and against

the other defendants as garnishees or debtors of the said Olen B. Squires as follows: Against D. S. Squires, $500.00; against Abe Carper, $300.00; and against the defendants, Farnsworth, Leonard, Newlon and Stockart jointly, $1,000.00 with a proviso, that the payments by all the said defendants should not exceed the sum of $1,000.00 and the costs of suit. From this decree all the defendants have appealed.

It is earnestly contended for the appellants, that, as the cause of action alleged in the bill is for unliquidated damages for a personal injury, a court of equity has no jurisdiction. This contention, it seems to me, is fully answered by our statute, which declares in express terms, that the action or suit may be " for the recovery of any claim or debt arising out of contract or to recover damages for any wrong," and then provides, that " such attachment may be sued out in a court of equity for a debt or claim legal or equitable." Code 1887, c. 106, s. 1. It is unquestionably true, that this statute must be construed strictly; but its language is so direct and positive, that it does not admit of construction. It authorizes a suit by attachment in equity to recover damages for any wrong. But it is claimed that the statute is in violation of our constitution, Art. III, s. 13, which declares : " In suits at common law, * * * the right of trial by jury, if required by either party, shall be preserved." It is enough to say, in reply to this claim, that this is not a suit at common law but a suit in equity. But assuming that the legislature has not the power to deprive a party of the right of trial by jury by simply changing the form of action and giving a court of equity jurisdiction over a purely legal demand, the question still remains: Does this statute necessarily deprive a party of a trial by jury ? We have a statute which provides for a trial by jury in any chancery case, when there is a conflict of evidence " or an inquiry of damages." Code 1887, c. 131, ss. 4, 5. In this case, therefore, the appellants, or either of them, if they had required it, could have had a trial by jury; but none of them asked for such trial. I do not think, therefore, that the aforesaid statute is unconstitutional.

It is further contended for the appellants, that the Circuit

Court erred in not sustaining the defence of the statute of limitations. The evidence of the plaintiff tends to prove, that the marriage-contract was entered into on New Year's eve, 1881; that the seduction was in May, 1882, or prior thereto; and that the child was born in February, 1883; and also that the contract of marriage was not broken until some time after February, 1884, the time the defendant, Olen B. Squires, left the State and became a non-resident thereof. It is true, the said defendant denies, that there was ever any contract of marriage, or that he seduced the plaintiff or ever had sexual connection with her. This suit was brought July, 1885, and, as the time, during which the defendant was out of the State, must be excluded, it seems to me, the cause of action was not barred, at the time the suit was commenced. If the defence of the statute of limitations is sustained upon the evidence of the defendant, Olen B. Squires, it is wholly immaterial, because the evidence offered by him in support of that defence is simply a denial, that the plaintiff ever had any cause of action. As to this latter the testimony is con-flicting.

The plaintiff testifies positively, that there was a contract of marriage and consequent seduction; while the defendant Olen B. Squires with equal positiveness denies, that there ever was such a contract, or that he at any time cohabited with the plaintiff. To say the least of this contradictory testimony, it is fully proven, that the plaintiff was in February, 1883, delivered of a child; and the letters written by said defendant to the plaintiff during her pregnancy tend strongly to show, that he was or believed himself to be the father of the child; and there is other evidence, which in some degree corroborates the testimony of the plaintiff and flatly con-tradicts that of the said defendant, thus rendering his testimony less credible than that of the plaintiff. Be this how-ever, as it may, the Circuit Court having decided, that there was a marriage-contract, and this decision being founded on depositions, which are so conflicting and unsatisfactory, that it is at most conjectural, as to which side should prevail, this Court will according to its repeated decisions decline to dis-turb the finding of the Circuit Court. *Smith* v. *Yoke*, 27 W. Va. 639; *Doonan* v. *Glynn*, 28 W. Va. 715.

It is further insisted, that the plaintiff's bill should have been dismissed, because she improperly sued for breach of marriage-contract and for seduction. I do not understand this to be the character of the bill. The seduction is not alleged as a cause of action but simply as an aggravation of damages. The law is well settled, that, when seduction has been practiced under color of a promise to marry, in an action or suit for the breach of such promise it is proper to aver and prove the seduction in aggravation of the damages. *Sherman* v. *Rawson*, 102 Mass. 395 ; *Sauer* v. *Schulenberg*, 33 Md. 288 ; *Wells* v. *Padgett*, 8 Barb. 323 ; *Kniffen* v. *McConnell*, 30 N. Y. 285.

It is further insisted, that the defendant, Olen B. Squires, was improperly refused a continuance. He had been proceeded against as a non-resident, but after depositions had been taken on both sides including that of said Squires, and the cause had been regularly matured and set for hearing, he appeared and filed his answer, in which he avers, that he has recently discovered some very material evidence in his behalf bearing upon said pretended contract of marriage, and that in right and justice he is entitled to a continuance of the cause until the next term of the court. But he does not set out any sufficient excuse for not having discovered and taken said testimony, nor does he say, by whom he expects to prove it, or what it is. The fatal defect in this assignment of error however is, that neither the decree nor any order in the record shows, that he ever asked for a continuance of the cause. This is a sufficient reason for his not getting one. It is therefore unnecessary in this cause to consider, whether or not, if he had moved the court for a continuance under the circumstances disclosed by the record, it would have been error to refuse it.

The only other assignment of error, which is of sufficient importance to require notice, is, that the court erred in pronouncing any decree against the appellants other than Olen B. Squires and D. S. Squires, because no order of attachment was ever sued out or served upon them. In the answer filed by Olen B. Squires he admits, that the bond of $5,300.00 executed to B. F. Carper by the appellants, Farnsworth, Leonard, Newlon and Stockart had been assigned to him by said

Carper, that it was in his possession, and that the money due thereon from said appellants was due to him. The said appellants were all parties to the suit; and the decree directed, that upon the payment of the amount decreed against them they should have credit therefor upon said bond. It was not necessary in a cause such as this to serve the order of attachment upon said appellants, they being parties to the bill and having appeared and having answered as such. The decree is certainly not to their prejudice, as there is no pretence, that they do not owe the money they are ordered to pay; and as to the appellant, Abe Carper, the decree against him being based upon a conflict of testimony and the finding of the Circuit Court, this Court will decline to disturb it.

Upon the whole record I am of opinion, that there is no error, for which this Court can reverse the decree of the Circuit Court; and it must therefore be affirmed.

AFFIRMED.