CLYDE S. MUSSELMAN, PLAINTIFF IN ERROR, V. SARAH JANE BARKER, DEFENDANT IN ERROR.

[FILED JUNE 13, 1889.]

1. **Attorney and Client.**  Where an attorney was employed to defend a prosecution in bastardy and in violation of his retainer sought to appear for the plaintiff in the action, and was perpetually enjoined from so doing, such retainer and injunction will not prevent him from accepting a retainer and appearing for the plaintiff in a suit for damages resulting from a breach of contract for marriage, the plaintiff and defendant being the same as in the prosecution for bastardy.

2. **Marriage:** BREACH OF PROMISE: DAMAGES.  The loss of social standing in the community in which a plaintiff in an action for

47

damages for breach of promise of marriage resides, caused by the seduction of the plaintiff, is an element of damages to be considered in such action, and a ruling of the trial court permitting the plaintiff to state in her evidence that since, she had been "sneered at" upon the streets in the city in which she resided, would not be error requiring the reversal of a judgment rendered upon a verdict in the plaintiff's favor.

3. ———: ———: EVIDENCE. In such case it was not error for the court to permit the plaintiff to testify that the defendant was the father of an illegitimate child, begotten by him while the agreement for marriage existed, and on the faith thereof on the part of the plaintiff in the action.

4. Witnesses: EXAMINATION. Where, upon the examination in chief of a defendant, a question is propounded to him the answer to which is excluded, upon objection of the plaintiff, a reviewing court will not inquire whether the trial court erred in excluding the evidence if it appears that the witness was afterwards interrogated, and testified fully upon the subject upon which he was interrogated.

5. Verdict. The evidence examined, and held, sufficient to sustain the verdict of the jury.

6. Marriage: BREACH OF PROMISE: DAMAGES. In an action for damages for a breach of promise of marriage, where there was sufficient evidence to justify the jury in finding that the promise was made, and that the defendant had seduced the plaintiff through and by reason of her reliance upon his promise, it was held, that a verdict in favor of the plaintiff for $7,000 damages was not excessive.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

L. W. Colby, for plaintiff in error, cited: Valentine v. Stewart, 15 Cal. 387; Commonwealth v. Gibbs, 4 Gray, (Mass.,) 146; Price v. Grand Rapids, etc., R. R. Co., 18 Ind. 137; Herrick v. Catley, 1 Daly, (N. Y.,) 512; Sherwood v. Saratoga & Washington R. R. Co., 15 Barb. (Id.) 650; 2 Parsons on Contracts, 67; Addison on Contracts, 581–4.

T. Judson Ferguson, and B. C. Oyler, for defendant in error, cited: Bliss, Code Pleadings, 1st Ed. sec. 1; 3 Suth-

·erland on Damages, pp. 316, 317; *Kniffen v. McConnell*, 30 N. Y. 285; *Sherman v. Rawson*, 102 Mass. 395; *Leavitt v. Cutler*, 37 Wis. 46; *Price v. Grand Rapids, etc., R. R. Co.*, 18 Ind. 137; *Willard v. Stone*, 7 Cowen, 22; S. C., 17 Am. Dec. 496; *Miller v. Hayes*, 34 Iowa, 496.

REESE, CH. J.

This action was instituted in the district court for damages resulting from the breach of a marriage contract, the damages being laid at $10,000. A jury trial was had, which resulted in a verdict in favor of defendant in error, and assessing her damages at $7,000. A motion for a new trial was filed, which was overruled when a judgment was rendered upon the verdict. Plaintiff in error, who was defendant in the district court, brings the cause to this court for review by proceedings in error.

The motion for a new trial was based upon the following grounds:

"1st. Because the verdict is contrary to the evidence.

"2d. Because it was not sustained by sufficient evidence.

"3d. Because the verdict was contrary to law.

"4th. There was error in the assessment of the amount of recovery, the same being too large.

"5th. Because there was error of law, occurring at the time of the trial, and excepted to by the plaintiff.

"6th. The court erred in allowing plaintiff's attorney to prosecute said action.

"7th. The verdict was contrary to the instructions asked by the defendant, and given by the court.

"8th. Because the verdict was contrary to the fourth instruction given by the court on motion of defendant.

"9th. Because the damages are excessive, and were given under the influence of passion and prejudice."

Such of these grounds as are discussed in plaintiff's brief will be noticed here in the order in which they occur therein.

It appears from the record that T. J. Ferguson, who was one of the attorneys for defendant in error, had formerly been employed by plaintiff in error as his attorney in certain bastardy proceedings which had been instituted against plaintiff in error by defendant in error, and that he sought to appear against plaintiff in error in that prosecution, but was enjoined from so doing by the district court. The record in that case was not introduced in evidence upon the objection made to Mr. Ferguson's appearance in this case as counsel for defendant in error; but the journal entry by which the injunction was made perpetual was introduced. As shown by that decree, the court found "That the plaintiff, Clyde S. Musselman, employed and retained the defendant, T. J. Ferguson, to assist in his defense in certain bastardy proceedings brought against him by Sarah Jane Barker; * * * that at the time plaintiff employed said Furguson, and ever since said time, the said Ferguson has been and now is a duly admitted practicing attorney in the courts of record in the state; * * * that after accepting the retainer by said Ferguson of said plaintiff, and after the employment of him as aforesaid, said Ferguson acted as counsel for the said Sarah Jane Barker, and instituted a suit for the said Sarah Jane Barker similar to this one, and for the same purpose in which he was employed by this plaintiff to defend this said plaintiff; * * * that he was proceeding in said action at the commencement of this action."

Upon these findings a decree was entered perpetually enjoining the said Ferguson from acting as attorney for said Sarah Jane Barker, or Thomas Barker, (her father,) in any action or proceeding brought or to be brought by them, or either of them, or any one in their behalf, "Wherein it has been attempted or shall be attempted to declare the plaintiff the putative father of said child of said Sarah Jane Barker, * * * and that he be perpetually enjoined and restrained from divulging any communication made

to him by said Musselman or any one on behalf of said Musselman while he was acting as attorney for said Musselman in said proceedings," etc. The court overruled the objection and allowed Mr. Ferguson to appear for defendant in error and prosecute this case, and the ruling so made is now assigned as error.

While this record may not be considered as commendatory of the course sought to be pursued by the attorney named, yet we cannot see that the fact that he had been employed by defendant in error in the bastardy proceedings referred to would necessarily prevent him from acting as counsel for defendant in error in this action for damages resulting from a breach of contract. While it is true that, the fact that while the agreement or contract for marriage existed, plaintiff in error made use of the agreement as a means for seducing defendant in error, was competent evidence for the purpose of enhancing damages, (*Matthews v. Cribbett*, 11 O. St. 330; 3 Sutherland on Damages, 316, and cases cited in note; *Tubbs v. Van Kleek*, 12 Ill. 446; *Coil v. Wallace*, 4 Zab. [N. J.] 291;) yet the fact that such seduction resulted in pregnancy and childbirth would not necessarily become a material inquiry, except as it might incidentally arise as corroborative of the evidence offered to support the charge or cause of action alleged by the plaintiff in the suit. Neither could it be said that in bastardy proceedings it would be essential to prove a contract of marriage in order to maintain the action. Therefore we can see no legal reason why the fact of the retainer of the attorney named to defend in the bastardy proceedings should prohibit the acceptance of a retainer from the plaintiff in that suit to prosecute an action against his client for breach of contract for marriage. (*Price v. R. R. Co.*, 18 Ind. 137.)

While defendant in error was a witness upon the stand in her own behalf, she was asked to state if prior to her going with plaintiff in error she was accustomed to going into society, which question she answered in the affirma-

tive.   She was then asked if she had been able to go
into society since, which she answered in the negative.
The following question was then asked: "Do you know
of any person sneering at you on the street?"   This ques-
tion was objected to as immaterial, irrelevant, and incom-
petent, which objection was overruled, and an exception
noted.   The witness then answered, "Yes, sir; they have."
This ruling of the court is now complained of.   We do
not think the court erred in this ruling, and did we think
otherwise we would have to hold it to be error without
prejudice.   It was competent for defendant in error to
prove that by the refusal on the part of plaintiff in error
to comply with the alleged contract of marriage she had
been deprived of her standing in society, and indeed any
other fact produced by him in consequence of the alleged
agreement.   This was substantially conceded by plaintiff
in error by his silence when the preceding questions were
asked and answered.   The question under consideration
was of substantially the same character, and could add lit-
tle, if anything, to her former evidence.

It is contended that the court erred in permitting de-
fendant in error to testify that plaintiff in error was the
father of an illegitimate child, which defendant in error
had with her at the trial.   As we have seen, the fact of the
seduction and disgrace were proper subjects of proof.   The
only objection which can be seen to the question is that it
was for the purpose of identifying that particular child as
the one born from the intercourse alleged to have taken
place between plaintiff and defendant during the existence
of the alleged agreement.   This, while not necessary, could
not be prejudicial even if erroneous.

During the trial and while plaintiff in error was upon
the witness stand as a witness in his own behalf, the fol-
lowing occurred, as shown by the bill of exceptions:

Q. Have you found out that this lady was accustomed
to drink sometimes?  [Plaintiff objects, as immaterial, ir-

relevant, and incompetent. Sustained. Defendant excepts.]

Q. What are the facts in regard to your hearing anything about this plaintiff in regard to her temperance or chastity? [Plaintiff objects as immaterial, irrelevant, and incompetent. Overruled. Plaintiff excepts.]

A. I have been told that she drinks. [Plaintiff objects and moves to strike out as hearsay. Sustained. Defendant excepts.]

Q. Have you ever ascertained from report or otherwise, until lately, that Miss Barker ever drank anything, or did you hear anything, until lately, as to her chastity? [Plaintiff objects as immaterial, irrelevant, and incompetent.]

A. No, sir.

Q. When did you hear it; since this action was commenced?

A. Yes, sir.

It is now insisted that " The court erred in refusing to admit the questions and answers of the defendant," as above shown, where the rulings were against plaintiff in error. The evident purpose of plaintiff in error in introducing the inquiry as to the character and reputation of defendant in error, was to show that at the time of his refusal to comply with his contract and consummate it by marriage, he had a good and sufficient excuse for refusing to proceed further, for it is said in his brief: " It is a sufficient excuse for a breach of a promise to marry if the person to whom the promise is given turns out upon inquiry to be a person of bad character. Immodesty, drinking intoxicating liquors, a lack of chastity, lewdness, untruthful statements, are each held to be a legal excuse for breach of promise." In support of this a number of authorities are cited. The extract we here make from the bill of exceptions shows clearly that plaintiff in error, if a contract of marriage existed, had no such excuse for its breach as was sought to be established. All he had ever heard of the

reputation or character of defendant in error, had been said after the breach and after the commencement of the action, and, as he testified on his cross-examination, when he was looking for evidence to be used in his defense.    While we think the ruling of the court was correct, yet all the facts within the knowledge of plaintiff in error, and which could aid him in his defense, were fully testified to by him.

It is contended that the court erred in its instructions to the jury; but as the attention of the trial court was not called to any of the instructions by the motion for a new trial, they cannot be considered here.

The same must be said with reference to the contention that the court erred in refusing to strike out certain parts of the petition, as no assignment of the kind is found in the motion for a new trial or petition in error.

The next contention is that the verdict was not sustained by sufficient evidence.    Defendant in error testified positively to the promise being made and its oft repetition.    In this she was supported by two other witnesses, who testified to statements made by plaintiff in error in which he recognized the existence of the agreement.    Other evidence, more or less corroborative, was submitted to the jury, and, notwithstanding the positive denial of the contract, the intercourse, or any attention being paid to defendant in error on his part by plaintiff in error, we cannot molest the judgment on that ground.    It fully appears that the parties were of lawful age to make the contract, and that defendant in error had attained her majority prior to the commencement of the suit.    These objections to the judgment are unavailing.

The next and only remaining contention is that the verdict was excessive.    Upon this question it may be admitted that from what appears of record the verdict seems to be large.    But in an action of this kind, while it is nominally for the breach of contract, yet, in regard to the recovery of damages, such recovery is not limited by the ordinary

rules. It is peculiarly a question for the jury, and the verdict will not be set aside as excessive unless the amount is so large as to show that the jury were influenced by passion or prejudice. (Maxwell's Pl. and Pr. 141, and cases cited; Thompson on Trials, sec. 2064; 3 Sutherland on Damages, 319.) If the testimony of defendant in error and her witnesses was true — and of this the jury were the sole judges — while the verdict may seem large, yet the damage inflicted cannot be compensated by the amount named.

We find no error in the proceedings of the district court, and its judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.