EMMA SCHMIDT *vs.* MORRIS DURNHAM.

May 25, 1891.

**Breach of Promise of Marriage—Evidence.**—Evidence *held* sufficient to justify the verdict in an action for breach of promise of marriage.

**Same— Aggravation of Damages — Seduction — Evidence.**—Seduction under promise of marriage being alleged in aggravation of damages, evidence of the sickness of the plaintiff immediately after the acts complained of was admissible.

**Same—Mitigation of Damages —Shooting of Defendant by Plaintiff.** Proof that subsequently the plaintiff shot the defendant was not admissible in mitigation of damages.

Appeal by defendant from an order of the district court for Hennepin county, *Smith*, J., presiding, refusing a new trial after verdict of $2,750 for plaintiff.

*E. A. Campbell*, for appellant.

*James A. Kellogg*, for respondent.

DICKINSON, J.   This action is for the recovery of damages for a breach of promise of marriage.   The allegations of the complaint were fully supported by the proof, and the verdict of the jury was justified.

There was no error in the rulings or charge of the court. The evidence of the physical condition — the sickness — of the plaintiff directly after the intercourse with the defendant, of which direct evidence had been given, was admissible, both for the purpose of corroborating the direct testimony of the plaintiff, and as bearing upon the matter of damages.

The proof offered by the defendant "in mitigation of damages," that some two weeks after the plaintiff had been informed of his marriage to another person, she sought him out and shot him, was properly excluded. That could neither be allowed in mitigation of her damages, nor would it tend to support the defendant's denial of the cause of action alleged.

The exception to the charge of the court was not justified. That part of the charge excepted to, relating to the issue of a promise of marriage, was that "many things may be implied or are implied where contracts of this kind are made or exist." We see no fault in this language, and the whole charge upon the subject, of which this is a part, was correct.

Order affirmed.