JOHN W. POEHLMANN
*v.*
BARBARA KERTZ.

*Opinion filed October 26, 1903.*

1. EVIDENCE—*proof of seduction is competent in action for breach of promise.* Seduction may be shown in aggravation of damages in an action for breach of promise of marriage although not charged in the declaration, if it occurred in consequence of the promise.

2. APPEALS AND ERRORS—*when party cannot complain of evidence on appeal.* One who fails to object to a question until after it is answered, and pursues the witness with questions on the same subject upon cross-examination after the court's refusal to strike out the answer, cannot complain of the evidence on appeal.

*Poehlmann v. Kertz,* 105 Ill. App. 249, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

OSCAR HEBEL, for appellant.

McCLELLAN & SPENCER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action for breach of promise of marriage, begun by Barbara Kertz, the appellee, against John W. Poehlmann, the appellant, in the superior court of Cook county. In accordance with the verdict of the jury a judgment was entered for the plaintiff for $2500. From an affirmance of that judgment in the Appellate Court for the First District the appellant prosecutes this appeal.

The appellant was a florist, in Chicago, and was a widower, with two small children. In 1894 he became acquainted with Barbara Kertz, who was employed at his brother's home as a domestic. Four years later their acquaintance became more intimate and they talked of marriage, and she testified that there was a positive agreement to become husband and wife. She then made

a visit to her father's home, at Port Washington, Wisconsin, and while there received from appellant several letters, the language of which plainly indicates that a promise of marriage had been made. Appellant visited her there and presented her with a ring. After his return to Chicago she heard nothing further from him. Some time thereafter she came to Chicago and called to ascertain why the correspondence had ceased, and was then informed he had changed his mind, he giving her to understand that their marriage would never take place but assigning no reason for his conduct.

Upon the hearing, after plaintiff had made her proof showing the facts substantially as herein set forth, the defendant, while testifying that no marriage contract had ever been entered into between himself and the complainant, undertook to justify his refusal to marry her upon the ground that he learned she was a woman of unchaste character, having had sexual intercourse with one Weirich, who appeared as a witness for the defendant and testified that he had on two or more occasions had illicit intercourse with her. She, in rebuttal, denied the statement made by Weirich, and was then asked by her counsel, "Did you ever have sexual intercourse with any man?" And she answered, "Mr. Poehlmann." Counsel for defendant objected, and asked that the answer be stricken out on the ground that the declaration contained no allegation of seduction. The court refused to strike out the answer, saying: "If you had objected to the question I would have sustained the objection, but having waited until the answer came, it is too late." Counsel for the defendant then, upon cross-examination, drew out the fact that she had yielded to the defendant only after his promise of marriage.

It is first contended that the court erred in permitting the testimony as to seduction because the declaration contained no charge of that kind. Having waited too long before objecting to the question, as well as pur-

suing the witness with other questions on that subject, counsel for the defendant cannot now, as a matter of practice, complain of the evidence. But aside from this consideration, it was competent, under the pleadings, to prove the seduction if it occurred in consequence of the promise. It is permitted, in such a case, to be shown in aggravation of the damages. (*Tubbs* v. *VanKleek,* 12 Ill. 446; *Fidler* v. *McKinley,* 21 id. 308.) As is said in the case last cited (p. 313): "In a case of a breach of promise accompanied with a seduction, the injury is infinitely greater than where there is only a breach of promise. When there is a seduction there is a total loss of character, and all hopes of future happiness and usefulness are blighted and certain degradation and future misery, if not crime, are its consequences. And when this is produced by a breach of promise, and the fraud perpetrated upon the woman by the man entering into the engagement only to accomplish her seduction, the injury resulting therefrom is the immediate result and consequence of the breach of promise. If he were in good faith to perform his engagement and keep his promise such consequences would not result; but when he fails to do so, every consideration of justice requires him to repair the injury, as far as it may be done, by adequate damages."

Counsel argues that seduction is not the natural result of a promise of marriage. Certainly not; but when seduction follows in consequence of the promise, degradation, loss of character and happiness are the direct result of a breach of that promise. In other words, the injury results from the breach—not the making of the contract. While there is a conflict of authority on the question as to whether evidence of seduction is admissible without an allegation in the declaration, this court is fully committed to the rule here announced. The foregoing decisions of *Tubbs* v. *VanKleek,* and *Fidler* v. *McKinley, supra,* were referred to with approval in *Judy* v. *Sterrett,* 153 Ill. 94.

Counsel for appellant complains of the court's refusal to give certain instructions offered in his behalf, which sought to confine the damages merely to actual, and not exemplary or punitive, damages, and to exclude all evidence as to seduction, upon the ground that the declaration was not broad enough to include the latter, containing no count as to seduction. This contention is answered by what has been said as to the admissibility of evidence, the count or allegation not being necessary to sustain that element of damages.

The rulings of the court in giving certain instructions asked on behalf of the plaintiff and in modifying some of those requested by the defendant are urged as reversible error. A very large number of instructions to the jury were submitted to the court on either side, and were given. We have carefully examined the instructions upon which this objection is based, and while we are constrained to repeat what we have often said as to the propriety of giving a great number of instructions in a case involving but few and simple questions of law, we cannot say there was in this case any misdirection of the jury which, under the evidence, could have worked an injury to the defendant. The modification of those asked by the defendant was proper, though in most instances they might well have been refused altogether.

Neither do we find substantial merit in the objections made to the remarks of plaintiff's counsel in his address to the jury. We are satisfied the court exercised a proper supervision of the argument of counsel.

The assumption that appellant was justified in breaking his promise of marriage because of appellee's intimacy with Weirich is unwarranted. It raises a question of fact which the jury have passed upon and the judgment of the Appellate Court has rendered conclusive. They have decided no such intimacy existed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*