MINNIE M. STOKES *v.* CHANDLER M. MASON, AND TRUSTEE.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 10, 1911.

*Breach of Marriage Promise—Damages —Aggravation—Recovery of Damages by a Woman for her Seduction by Means of Promise to Marry.*

In a suit by woman for breach of a promise of marriage she may recover damages for her seduction by means of the promise.

ASSUMPSIT for breach of a promise of marriage. Heard at the March Term, 1911, Franklin County, *Miles*, J., presiding, on demurrer to the declaration, presenting the question whether plaintiff can recover damages for her seduction by means of the promise. Demurrer overruled, and declaration adjudged sufficient, to which the defendant excepted. The opinion states the case.

*C. G. Austin & Sons* for the defendant.

Since plaintiff was a consenting party to the wrongful act of her seduction, she cannot recover damages therefor. Sedgwick Elements of Damages, 305; 2 Am. & Eng. Enc. of Law, 1st Ed. 527; *Wrynn* v. *Downey*, 4 L. R. A. (N. S.) 615, 63 Atl. 401, 27 R. I. 454.

*Hogan & Hogan, Emmett McFeeters*, and *M. H. Alexander* for the plaintiff.

Plaintiff has not declared for seduction as an independent cause of action, but only by way of aggravation of the damages resulting from the breach of the promise of marriage, hence the declaration is not double. The great weight of authority is to the effect that in a suit for breach of a promise of marriage a woman may recover for her seduction by means of the promise, in aggravation of general damages. *Tyler* v. *Salley*, 82 Me. 128; *Leavitt* v. *Cutler*, 37 Wis. 46; *Williams* v. *Hollingsworth*, 6 Baxt. (Tenn.) 12; *Klopfer* v. *Bromme*, 26 Wis. 372; *Bedell* v. *Powell*, 13 Barb. 183; *Harriman* v. *Layman*, 118 Iowa 590; 1 Chitty Pl. (16th Ed.) p. 396; Sedgk. on Dam. (5th Ed.) p. 677; 3 Am. & Eng. Enc. Pl. & Pr. 389, 688; *Collins* v. *Mack*, 31 Ark. 684; *Tubbs* v. *Van Kleek*, 12 Ill. 446; *Whalen* v. *Layman*, 18 Am. Dec. 157; *Kutz* v. *Frank*, 40 Am. Rep. 275; *Sherman* v. *Rawson*, 102 Mass. 395; *Sheahan* v. *Barry*, 27 Mich. 217; *Bennett* v. *Bean*, 36 Am. St. Rep. 442; *Green* v. *Spencer*, 26 Am. Dec. 672; *Roper* v. *Clay*, 59 Am. Dec. 314; *Wells* v. *Padgett*, 8 Barb. 323; *Kniffen* v. *McConnell*, 30 N. Y. 285; 5 Cyc. 1021 and cases cited; 4 Am. & Eng. Enc. of Law, 898. The parties are not *in pari delicto*, and the maxim *volenti non fit injuria* does not apply. *Sherman* v. *Rawson*, 102 Mass. 395; *Kelley* v. *Riley*, 106 Mass. 339.

MUNSON, J.   This case presents the single question whether a woman who has been seduced by means of a promise of marriage can recover, in a suit for breach of the promise, damages for the seduction by way of aggravation. The question is new in this State, but has been passed upon frequently in other jurisdictions. It is generally held that such a recovery may be had. Three or four states hold the contrary. *Anderson* v. *Kirby*,

125 Ga. 62, 54 S. E. 197, 114 Am. St. Rep. 185, 5 Ann. Cas. 103, and note; *Wrynn* v. *Downey*, 27 R. I. 454, 63 Atl. 401, 4 L. R. A. (N. S.) 615, 114 Am. St. Rep. 63.

The arguments turn largely upon the ancient and settled rule of the common law that a woman cannot recover damages for her seduction because she is a consenting party to the wrongful act. It is said on the one hand that to permit her to show the seduction in aggravation of the damages sustained from the breach of the promise is to permit her to recover indirectly what the law has emphatically and consistently forbidden her to recover. It is said on the other hand that she cannot recover the full damage resulting from the breach of the promise unless permitted to show all the circumstances contributing to the distress of mind which is an acknowledged element of her damage.

We do not deem it necessary to rehearse in detail the arguments which have been advanced on this question. They will be found fully presented in the Rhode Island case cited above. In that case nothing appeared except that there was a promise of marriage and that subsequently there was sexual intercourse. The declaration in this case alleges that the intercourse was induced by the promise.

It seems clear that the plaintiff in a suit for a breach of promise of marriage, who has been seduced by means of the promise, does not recover the full damage caused by the breach unless permitted to show the fact of seduction. Does the rule which prevents her from maintaining a suit for the seduction prevent her from recovering this element of damage when suing for the breach of promise? It is true that the nature of the damage would be the same in both cases, and that if a recovery of it is allowed in an action for breach of promise the law will be permitting in one case what it denies in the other. But the relations of the parties and the inducement to the intercourse are not entirely the same when there is a promise of marriage as in other cases; and the difference may have a bearing on the right of recovery. The ground on which the law denies a recovery for the seduction is that the parties are equally in fault. It probably cannot be said in strictness that the relative situation of the parties in this respect is changed by the woman's reliance on a promise of marriage; for she is nevertheless a re-

sponsible and consenting party to an immoral act. But as bearing upon the right to a complete remedy for the broken promise, it may properly be said that the quality of her assent is modified by the promise. As a suitor seeking redress for a breach of promise of marriage she is not a party to the wrong complained of, nor in any way disentitled to full compensatory damages from her promisor. He has obtained marital privileges on the faith of a promise which, if unfulfilled, operates as a fraud; and the fact that the law does not permit a remedy for the seduction is no reason why the law should deny her full compensation for the breach of promise, on his plea that she was equally responsible for the sexual intercourse. The question may not be entirely free from technical difficulties, but there is an element of justice in this solution of it that cannot be gainsaid.

*Judgment affirmed and cause remanded.*