HASTED *v.* VAN WAGNEN.

1. BREACH OF MARRIAGE PROMISE — SEDUCTION — PLEADING — RE-
QUESTS TO CHARGE—APPEAL AND ERROR.

Where, in an action for breach of marriage promise ag-
gravated by seduction and pregnancy, the grievances were
also pleaded separately, and defendant's requests to charge
were framed on the theory of two counts, one on breach
of promise and the other on seduction, he may not com-
plain, on review, if the trial court followed his requests,
and claim that seduction could be shown and relied on
only in aggravation of damages in the action for breach
of promise.

2. SAME—EXEMPLARY DAMAGES.

A breach of marriage promise aggravated by seduction
and birth of a child is a case calling for exemplary
damages.

3. TRIAL—NO ERROR IN FAILING TO DEFINE EXEMPLARY DAMAGES.
Since exemplary damages are intended only as compensa-
tory for a wanton aggravation of injury, it is unimportant
that the trial court did not define them.

4. DAMAGES—EXEMPLARY DAMAGES.

In determining exemplary damages it is no objection that
the jury must consider some of the same elements that
have already been considered in fixing the so-called actual
damages.

5. SAME—TRIAL—INSTRUCTIONS—BREACH OF MARRIAGE PROMISE.

In an action for breach of marriage promise aggravated
by seduction, there was no reversible error in the court's
instruction to the jury that the elements of damage are
not capable of exact measurement but are left wholly to
their sound discretion.

6. SAME—EXCESSIVE VERDICT.

A verdict of $10,000 for breach of marriage promise ag-
gravated by seduction and birth of a child, although
liberal in view of the fact that defendant has little or no
financial worth, is not disproportioned to the injury re-

As to measure of damages for breach of promise to marry,
see annotation in 41 L. R. A. (N. S.) 840.

ceived or so excessive as to require reversal, where there is nothing to indicate that the jury were influenced by prejudice or passion, or that the verdict was based on anything but evidence.

Error to Genesee; Brennan (Fred W.), J. Submitted April 5, 1928. (Docket No. 44, Calendar No. 33,399.) Decided July 24, 1928.

Assumpsit by Hilda Hasted, an infant, by her next friend, against Carl Van Wagnen for breach of marriage promise aggravated by seduction and pregnancy. Judgment for plaintiff. Defendant brings error. Affirmed.

*C. A. Withey* and *Bishop, Blackney & Church,* for appellant.

*D. L. McTaggart,* for appellee.

CLARK, J. The declaration avers breach of marriage promise aggravated by seduction and pregnancy. The grievances are also pleaded separately. Plaintiff had verdict and judgment for $10,000 and defendant brings error.

According to the testimony of plaintiff and her witnesses, the parties on December 25, 1925, made mutual contract to marry. Defendant then was 21 years old and plaintiff was 19. And such testimony sets forth breach of marriage promise, seduction, pregnancy, and the birth of a child. Defendant testifying admitted sexual intercourse and denied promise of marriage.

1. The first question is that the court erred in submitting to the jury breach of marriage promise and seduction as separate causes of action for the reason that seduction could be shown and relied upon only in aggravation of damages in the action for breach of promise, citing *Sheahan* v. *Barry,* 27 Mich. 217, and

*Roberts* v. *Druillard*, 123 Mich. 286. A sufficient answer to this is that defendant's requests to charge are framed on the theory of two counts in the declaration, one on breach of promise to marry, the other on seduction, and defendant requested instruction respecting both counts. Defendant may not complain if the court followed his requests.

2. The jury were instructed that if they found for plaintiff she was entitled to damages including "exemplary damages." When breach of marriage promise is aggravated by a seduction and childbirth the case is one calling for exemplary damages. See notes and cases cited 41 L. R. A. (N. S.) 841. That the court did not define exemplary damages is not here important. They are intended only as compensatory for a wanton aggravation of injury. *Boydan* v. *Haberstumpf*, 129 Mich. 137. The court after stating at length the elements of damages said:

"These elements of damages are not capable of exact measure, but are left wholly to your sound discretion."

A like charge respecting damages including exemplary damages was approved by this court in *Raynor* v. *Nims*, 37 Mich. 34 (26 Am. Rep. 493). And in determining exemplary damages it is no objection that the jury must consider some of the same elements that have already been considered in fixing the so-called actual damages. *Ross* v. *Leggett*, 61 Mich. 445 (1 Am. St. Rep. 608). We find here no reversible error in the court's instructions relative to damages.

3. The damages awarded are liberal in view of the fact that defendant is of little or no financial worth. But they are not .disproportioned to the injury received by plaintiff, nor are they flagrantly excessive. We find nothing to. indicate that the verdict was influenced by prejudice or passion, that it is based on anything but evidence. There being no precise rule

of damages in a case like this, their assessment is peculiarly within the province of the jury.    The trial judge thought the verdict not excessive.    We are constrained to agree with him.    *Hickey* v. *Kimball*, 109 Me. 433 (84 Atl. 943) ; 9 C. J. p. 383; *Fishleigh* v. *Railway*, 205 Mich. 145.

Other assignments of error relating chiefly to the charge have been considered and need not be discussed. We find no reversible error.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MCDONALD, POTTER, and SHARPE, JJ., concurred.