SEATON v STATE FARM LIFE INSURANCE COMPANY

1. DISCOVERY—DEPOSITIONS—PRETRIAL CONFERENCE—COURT RULES.
   The taking of a deposition is controlled by the court rule which
   places a time limit on discovery; therefore, a deposition may
   properly be taken prior to the pretrial conference without a
   court order, but a court order is required for the taking of a
   deposition after pretrial conference (GCR 1963, 301.7).

2. EVIDENCE—DEPOSITIONS—PREJUDICE.
   The admission into evidence of the deposition of a treating
   physician in a trial to recover proceeds of a life insurance
   policy was prejudicial to a plaintiff's case and was therefore
   reversible error where the deposition was inadmissible because
   it had been improperly taken after the pretrial conference
   without a court order and where the physician's testimony
   regarding his treatment of the plaintiff's deceased husband was
   unrefuted, favorable to the defendant, and was filed on the first
   day of trial, giving the plaintiff little time to study it and
   prepare a response.

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY—MOTION FOR NEW
   TRIAL—COURT RULES.
   The Court of Appeals will not review alleged error in supplemen-
   tal jury instructions where objection was not initially raised in
   a motion for a new trial (GCR 1963, 516.4).

4. DAMAGES—INSTRUCTIONS TO JURY—MENTAL ANGUISH—LIFE INSUR-
   ANCE.
   An instruction to a jury on mental anguish as an element of
   damages is proper where proof of mental anguish is presented
   in a suit involving a personal life insurance contract which
   entails matters of mental concern and solicitude.

Appeal from Ingham, Donald L. Reisig, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Depositions and Discovery § 16.
[2] 23 Am Jur 2d, Depositions and Discovery §§ 39, 84, 85.
[3] 5 Am Jur 2d, Appeal and Error § 891.
[4] 22 Am Jur 2d, Damages §§ 350, 353.

mitted January 11, 1977, at Lansing. (Docket No. 24673.) Decided May 2, 1977.

Complaint by Cheryl L. Seaton against State Farm Life Insurance Company to recover proceeds of a life insurance policy and for damages. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*H. Eugene Bennett,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster* (by *Eugene F. Townsend, Jr.,* and *Gregory J. Guggemos),* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and V. J. BRENNAN and BRONSON, JJ.

V. J. BRENNAN, J. On May 6, 1975, the defendant won a verdict of no cause of action in plaintiff's suit to recover life insurance proceeds. The plaintiff appeals by right under GCR 1963, 806.1.

On August 2, 1968, Duncan James Seaton was hospitalized in Topeka, Kansas for observation and diagnostic purposes. He underwent surgery for an intestinal obstruction on August 9. The obstruction was caused by an adenocarcinoma of the jejunum (bowel cancer) and the cancer was malignant.

A few days after the surgery, Dr. Francis Collins discussed the diagnosis with Mr. Seaton. The doctor claimed that he told Mr. Seaton "that the diagnosis was a carcinoma, was a cancer in the bowel" and that while perhaps it had all been removed, recurrence was always a possibility and repeated medical follow-ups were necessary. According to Dr. Collins, Mr. Seaton requested that the diagnosis be kept secret and he honored that

request. Mrs. Seaton testified that Mr. Seaton and Dr. Collins told her the tumor was benign.

On June 10, 1969, Dr. Collins gave Mr. Seaton a general physical examination and found his physical condition to be quite good. There was no evidence of a recurrence of the tumor. The Seatons then moved to Michigan.

Once in Michigan the Seatons purchased a home and sought homeowners' insurance from State Farm. State Farm's agent, Harold Slater, called on the Seatons on June 19, 1970. After some discussion, Mr. Seaton decided to apply for a $13,000 life insurance policy to protect the mortgage payments. The application form included the following questions:

"To the best of your knowledge and belief do you have, or have you ever had, or been treated for:

* * *

"(d) Recurrent indigestion, jaundice, any type of ulcer, colitis, or other disorder of the stomach, intestines, liver or gall bladder?

* * *

"(g) Cyst, tumor, cancer or disorder of skin or lymph glands?"

Mr. Slater testified that he only put down what Mr. Seaton said and that, therefore, Mr. Seaton must have answered "no" to the two questions because that is what was down on the form. Mr. Slater also testified that there had been no mention of a benign tumor and that he never told customers to hide the true answers. Mrs. Seaton testified that Mr. Slater was informed of the 1968 operation and that the tumor was benign. According to Mrs. Seaton, Mr. Slater indicated that the company was only interested in cancer-type infor-

mation and that a "no" answer would avoid a lot of red tape. Based on the information contained in the application, Mr. Seaton was issued a State Farm Life Insurance policy.

On December 28, 1970, the Seatons were vacationing in Kansas and Mr. Seaton returned to Dr. Collins and informed him of renewed stomach problems. X-rays revealed a moderate obstruction in the intestine and Dr. Collins was sure it was a recurrence of the tumor.

The Seatons returned to Michigan and Mr. Seaton had a second operation in early February of 1971. At that point Mrs. Seaton learned that the 1968 tumor had been malignant. Upon his release, Mr. Seaton was told that the tumor was cancerous and terminal.

In December of 1971 the Seatons submitted a request to State Farm to have any future payments of the policy premiums waived because of Mr. Seaton's disability. The reason for the disability was listed as terminal adenocarcinoma of the jejunum.

After the required six-month waiting period had passed, State Farm sent the necessary claim forms to Mr. Slater. State Farm also started a routine disability investigation and received information in late April of 1972 that the first symptoms of Mr. Seaton's disability had appeared in August of 1968. During the subsequent investigation, Mr. Seaton died of the cancer.

At that point Mrs. Seaton applied for the life insurance proceeds. In early August of 1972, State Farm returned the amount paid for the insurance premiums and denied the application for the insurance proceeds because of serious and material misrepresentations in procuring the coverage.

In June of 1973, Mrs. Seaton sued to recover

both the insurance proceeds and an additional $50,000 for emotional and mental anguish from State Farm. She alleged that Mr. Slater was told about the Kansas operation but that her husband never knew that the Kansas tumor was malignant.

State Farm responded in October and alleged that the deceased fraudulently misrepresented material facts concerning his medical history in the life insurance application and that therefore the insurance contract was void.

On February 15, 1974, the trial judge signed a pretrial statement which stated that discovery would remain open until the second pretrial conference. The second pretrial conference apparently occurred on August 19, 1974. After several delays, the trial was set for May 5, 1975.

On April 9, 1975, the defendant sent a notice of the taking of the deposition of Dr. Collins to the trial court and to the plaintiff. The deposition was scheduled to be taken in Kansas on April 24, 1975. The plaintiff objected to the taking of the deposition primarily because it violated the pretrial statement's cap on discovery. A notice of the objection was filed with the trial court on April 22, 1975. The plaintiff was not represented at the taking of Dr. Collins' deposition.

At the trial, plaintiff challenged the admissibility of the Collins deposition. The trial court distinguished between a discovery deposition and a trial deposition and admitted the Collins deposition as a trial deposition.

In response, the plaintiff desired a ruling on the admissibility of impeachment testimony that Dr. Collins had settled plaintiff's malpractice suit against him for failure to tell Mr. Seaton that he had cancer for $5,000. The trial judge ruled that the malpractice evidence was inadmissible because

bias evidence is only admissible after the witness has been asked about the bias on cross-examination. And since there was no such foundation in the Collins deposition, the evidence was inadmissible.

At the conclusion of the proofs, the parties discussed the jury instructions. The plaintiff requested an instruction that the plaintiff would be entitled to punitive or exemplary damages if the jury found that State Farm's refusal to pay the insurance proceeds was willful, wanton or negligent. The trial judge denied the request because the plaintiff had failed to show any separate, malicious, wanton or reckless refusal to pay on the part of State Farm. Later, the plaintiff asked if mental anguish could still be argued as an element of damages and the court said no. The trial court saw mental anguish as exemplary or punitive by its very nature.

The jury returned a verdict of no cause of action and the plaintiff now appeals.

On appeal, plaintiff brings several allegations of error. We only need discuss one claim at length.

Plaintiff argues that the trial court erred reversibly by admitting a deposition taken without a trial court order after completion of the final pretrial conference as the testimony of an absent witness. We are persuaded that reversible error occurred.

Michigan court rules provide an automatic limit on discovery. GCR 1963, 301.7 provides:

"No discovery proceedings shall be conducted after completion of the pretrial conference provided by this rule or after waiver of pretrial in accordance with subrule 301.8 unless subsequently ordered by the court on written motion for good cause shown; provided, however, that physical examination of a party before

trial may be ordered in the pretrial conference summary statement or in the order approving waiver of pretrial."

Further, the pretrial summary "controls the subsequent course of the action unless modified at or before trial to prevent manifest injustice". GCR 1963, 301.3.

Discovery seems to cover everything which might afterward be used at trial, regardless of how used. Thus, we believe depositions, which are distinguished only by the way they are used at trial,[1] cannot be properly taken after completion of the pretrial conference unless the party desiring to take the deposition secures a court order or the pretrial summary provides for the taking of depositions.

In short, prior to the pretrial conference, depositions can be properly taken without a court order. However, after the pretrial conference, depositions should be properly taken only if the trial court so orders either in the pretrial summary or in a special order. See *Haynes v Monroe Plumbing & Heating Co,* 48 Mich App 707, 716; 211 NW2d 88 (1973); *Klabunde v Stanley,* 384 Mich 276, 281–282; 181 NW2d 918 (1970).

We feel this position a sensible reading of the rules. Under former Michigan Court Rule No 35, § 6(a), (1945), it was necessary for a party seeking a deposition to obtain a court order at every stage of the pretrial proceedings. While the trial court no longer has exclusive control over the taking of depositions, it seems reasonable to give the trial court alone control over the taking of depositions once the pretrial conference is completed. This

---

[1] *See* GCR 1963, 302.1; 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 29.

reading of the rules is in step with the liberal discovery purposes of the rules but still retains some trial court control once the parties have committed themselves to a trial.

Given the foregoing analysis, the Collins deposition was not properly taken and it should not have been admitted into evidence against plaintiff. The pretrial conference was completed and discovery ended before the defendant decided to depose Dr. Collins. Thus, the defendant should have secured a court order directing or allowing for the taking of the deposition. Without such a prior order, the deposition was inadmissible and the trial court's ruling to the contrary was wrong.

We reverse because we believe this error could not help but cause substantial prejudice to plaintiff's case. Specifically, the case came down to a credibility contest between Mrs. Seaton and Mr. Slater. Dr. Collins' unrefuted deposition buttressed Mr. Slater's testimony and may well have tipped the balance in favor of the defendant. Further, the Collins deposition was filed on the first day of the trial, thereby giving the plaintiff little time to study and prepare a response to the deposition. All of these factors lead us to the conclusion that the Collins deposition may have been decisive in this case of credibility.

Having determined this issue in plaintiff's favor, we might only comment briefly on the remaining claims plaintiff makes.

We do not believe the trial court erred by refusing to admit plaintiff's impeachment evidence when plaintiff failed to establish the requisite foundation for the admission of the testimony. *Illenden v Illenden,* 46 Mich App 710, 714; 208 NW2d 565 (1973).

We do not believe the trial court erred by per-

mitting defense counsel to rehabilitate witness Slater's testimony by asking him what sanctions defendant would impose on him for falsifying an insurance form. *Parkdale Homes, Inc v Clinton Twp*, 23 Mich App 682, 685; 179 NW2d 232 (1970); *Grove v Story Oldsmobile, Inc*, 31 Mich App 613, 618–619; 187 NW2d 923 (1971).

We will not review alleged error in supplemental jury instructions where objection was not initially raised below in a motion for new trial. GCR 1963, 516.4. *People v Tubbs*, 22 Mich App 549, 560; 177 NW2d 622 (1970).

Finally, if proper proof of mental anguish is presented on retrial, the court should instruct on mental anguish as an element of damages. We believe such an instruction proper where the suit involves a personal life insurance contract which entails matters of mental concern and solicitude. *Palmer v Pacific Indemnity Co*, 74 Mich App 259; 254 NW2d 52 (1977); *McCune v Grimaldi Buick-Opel, Inc*, 45 Mich App 472, 478; 206 NW2d 742 (1973).

Reversed and remanded for proceedings in conformity with this opinion.